UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSHUA CASTRO,

                                                    Plaintiff,      **AMENDED COMPLAINT**

           -against-                                    13 Civ. 5559 (PAE)

THE CITY OF NEW YORK, P.O. XIOMARA LINTON    **JURY TRIAL DEMANDED**
(f/k/a P.O. XIOMARA GIBSON), P.O. CAMILO
ROSARIO, P.O. LENNIN GARCIA, and P.O.s JOHN
and JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                               Defendants.

------------------------------------------------------------------------X

        Plaintiff JOSHUA CASTRO, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff JOSHUA CASTRO is a Latino male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. XIOMARA LINTON, P.O. CAMILO ROSARIO, P.O. LENNIN GARCIA, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **INCIDENT FACTS**

13. In late September 2012, plaintiff JOSHUA CASTRO was lawfully present in and in front of a bodega near the corner of Westchester Avenue and Wheeler Avenue, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff JOSHUA CASTRO did not possess or sell narcotics of any type, did not participate in any such sale, and did not participate in any other unlawful act whatsoever.

15. At aforesaid time and place, plaintiff JOSHUA CASTRO did not behave in a manner that would suggest to any reasonable police officer that plaintiff possessed or sold narcotics, participated in any such sale, or participated in any other unlawful act whatsoever.

16. Nonetheless, on October 4, 2012, in front of 1227 Colgate Avenue, Bronx, NY, plaintiff JOSHUA CASTRO was suddenly accosted by members of the New York City Police Department.

17. Defendants handcuffed plaintiff JOSHUA CASTRO and placed him under arrest on drug charges, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants stated to plaintiff JOSHUA CASTRO that they had been looking for him for two weeks.

19. Defendants transported plaintiff JOSHUA CASTRO to a precinct of the New York City Police Department in Bronx, New York.

20. While at the precinct, plaintiff JOSHUA CASTRO was subjected to an unlawful strip search.

21. Plaintiff JOSHUA CASTRO was transported from the precinct to Bronx Central Booking.

22. Plaintiff JOSHUA CASTRO was held in custody for approximately twenty-four hours.

23. Defendants initiated criminal proceedings against plaintiff JOSHUA CASTRO despite defendants' knowledge that they lacked probable cause to do so.

24. During the period between October 4, 2012 and January 17, 2013, plaintiff JOSHUA CASTRO was required to make court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

25. On or about January 17, 2013, all charges against plaintiff JOSHUA CASTRO were dismissed.

26. As a result of the foregoing, plaintiff JOSHUA CASTRO sustained, *inter alia*, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## MONELL FACTS

27. Both before and after the arrests of plaintiff JOSHUA CASTRO, a custom and practice of lawlessness and corruption pervaded NYPD narcotics operations.

28. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff JOSHUA CASTRO without probable cause and to manufacture evidence against him.

29. This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

30. The on-going custom and practice in making unlawful and fraudulent narcotics arrests was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

31. On May 29, 2013, P.O. Isaias Alicea was convicted of ten felony counts of filing a false document and one misdemeanor count of official misconduct after falsely claiming that he saw two men conducting a drug deal in West Harlem.

32. Upon information and belief, because of the custom and practice of corruption and lawlessness by NYPD narcotics officers, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

33. Both before and after the arrest of plaintiff JOSHUA CASTRO, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

34. The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

35. The existence of quotas may also be inferred from the facts set forth in the Second Amended Complaint in *Floyd v. City of New York*, 08 Civ. 1034 (SAS); from Judge Scheindlin's

Opinion & Order in *Floyd* dated May 16, 2012, granting class certification; and from testimony and exhibits introduced by the plaintiffs in *Floyd* during the trial of that matter.

36. Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff JOSHUA CASTRO without probable cause and to manufacture evidence against him.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff JOSHUA CASTRO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by defendants, plaintiff JOSHUA CASTRO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

45. As a result of the foregoing, plaintiff JOSHUA CASTRO's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Each and every individual defendant had an affirmative duty to intervene on plaintiff JOSHUA CASTRO's behalf to prevent the violation of his constitutional rights.

48. The individual defendants failed to intervene on plaintiff JOSHUA CASTRO's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

49. As a result of the aforementioned conduct of the individual defendants, plaintiff JOSHUA CASTRO's constitutional rights were violated and he was subjected to a false arrest and malicious prosecution.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants misrepresented and falsified evidence before the District Attorney.

52. Defendants did not make a complete and full statement of facts to the District Attorney.

53. Defendants withheld exculpatory evidence from the District Attorney.

54. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JOSHUA CASTRO.

55. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOSHUA CASTRO.

56. Defendants acted with malice in initiating criminal proceedings against plaintiff JOSHUA CASTRO.

57. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOSHUA CASTRO.

58. Defendants lacked probable cause to continue criminal proceedings against plaintiff JOSHUA CASTRO.

59. Defendants acted with malice in continuing criminal proceedings against plaintiff JOSHUA CASTRO.

60. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

61. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOSHUA CASTRO's favor on January 17, 2013, when all charges against him were dismissed.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants issued legal process to place plaintiff JOSHUA CASTRO under arrest.

64. Defendants arrested plaintiff JOSHUA CASTRO in order to obtain a collateral objective outside the legitimate ends of the legal process.

65. Defendants acted with intent to do harm to plaintiff JOSHUA CASTRO without excuse or justification.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants created false evidence against plaintiff JOSHUA CASTRO.

68. Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

69. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

70. In creating and forwarding false information to prosecutors, defendants violated plaintiff JOSHUA CASTRO's constitutional right to a fair trial under the Due Process Clause of the Sixth and Fourteenth Amendments of the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants strip-searched plaintiff JOSHUA CASTRO in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

73. As a result of the foregoing, plaintiff JOSHUA CASTRO was subjected to an illegal and improper strip search.

74. The foregoing unlawful strip search violated plaintiff JOSHUA CASTRO's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants arrested, incarcerated, and prosecuted plaintiff JOSHUA CASTRO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, incarceration, and prosecution would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

79. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

80. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the factual averments of the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457;

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Charles Gaylord v. City of New York,** United States District Court, Southern District of New York, 12 Civ. 5905;

- **Leslie McDonald v. City of New York,** United States District Court, Eastern District of New York, 12 CV 3778;

- **Robert Birch v. City of New York,** United States District Court, Eastern District of New York, 10 CV 1584;

- **David Barker v. City of New York,** United States District Court, Eastern District of New York, 09 CV 5610;

- **Nathaniel McClary v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5359;

- **Michael Torres v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5361;

- **Ronald Rose v. City of New York,** United States District Court, Eastern District of New York, 10 CV 3069;

- **Roddrick Ingram v. City of New York,** United States District Court, Eastern District of New York, 11 CV 2696; and

- **Peter Miller v. City of New York,** United States District Court, Eastern District of New York, 11 CV 4757.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSHUA CASTRO.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSHUA CASTRO as alleged herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JOSHUA CASTRO as alleged herein.

84. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSHUA CASTRO was falsely arrested and incarcerated and maliciously prosecuted.

85. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JOSHUA CASTRO.

86. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JOSHUA CASTRO=s constitutional rights.

87. All of the foregoing acts by defendants deprived plaintiff JOSHUA CASTRO of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

        D.        To be free from unwarranted and malicious criminal prosecution;

        E.        To be free from malicious abuse of process;

        F.        Not to have cruel and unusual punishment imposed upon him; and

        G.        To receive equal protection under the law.

88.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff JOSHUA CASTRO demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:       New York, New York
                 December 5, 2013

                                              _____
                                              ROSE M. WEBER (RW 0515)
                                              30 Vesey Street, Suite 1801
                                              New York, NY 10007
                                              (212) 748-3355